ACCEPTED
03-14-00774-CV
7701600
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/5/2015 1:37:42 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00774-CV

_____

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/5/2015 1:37:42 PM
JEFFREY D. KYLE
Clerk

_____

TEXAS STATE BOARD OF VETERINARY MEDICAL EXAMINERS,
and NICOLE ORIA, in her Official Capacity as Executive Director
*Appellants/Cross-Appellees*,

**v.**

ELLEN JEFFERSON, D.V.M.,
*Appellee/Cross-Appellant*.

On Appeal from the 127th Judicial District Court of Travis County, Texas
Cause No. D-1-GN-14-000287
The Honorable Gisela D. Triana presiding

_____

REPLY BRIEF OF APPELLANTS/CROSS APPELLEES

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

DAVID A. TALBOT, JR.
Division Chief, Administrative Law
Division

November 5, 2015

Ted A. Ross
Assistant Attorney General
State Bar No. 24008890
OFFICE OF THE TEXAS ATTORNEY
GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4191
Facsimile: (512) 457-4674
ted.ross@texasattorneygeneral.gov
*Attorneys for Appellants/Cross-Appellees Texas State Board of Veterinary Medical Examiners, and Nicole Oria*

# TABLE OF CONTENTS

TABLE OF CONTENTS.......................................................................................... ii

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION ................................................................................................2

    REPLY POINT 1:   BOARD RULE 573.72 WAS RECENTLY AMENDED, RENDERING THE APPEAL OF THAT RULE MOOT AS OF ITS EFFECTIVE DATE. ...........................................3

    REPLY POINT 2:   DR. JEFFERSON HAS EFFECTIVELY ADMITTED THAT THE DEFERENCE STANDARD APPLIES TO THE BOARD'S INTERPRETATION OF THE TERM "DESIGNATED CARETAKER" (RULE 573.80(2)) ..........5

CONCLUSION AND PRAYER ............................................................................8

CERTIFICATE OF COMPLIANCE....................................................................10

CERTIFICATE OF SERVICE ...........................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126
(Tex. App.—Austin 2007, no pet.) ........................................................................5

*Tex. Ass'n of Psychological Assoc. v. Tex. State Bd. of Examn'rs
of Psychologists*, 439 S.W.3d 597 (Tex. App.—Austin 2014, no pet.).................8

*TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432 (Tex. 2011)..................7

**Statutes**

Tex. Occ. Code *§ 801.004* ......................................................................................4

Tex. Occ. Code § 801.004(1)................................................................................2, 3

**Rules**

22 Tex. Admin. Code § 573.72................................................................... 3, 4, 5

22 Tex. Admin. Code 573.80(2) ................................................................ 2, 3, 5, 8

_____

## IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

_____

**TEXAS STATE BOARD OF VETERINARY MEDICAL EXAMINERS,**
**and NICOLE ORIA, in her Official Capacity as Executive Director**
*Appellants/Cross-Appellees*,
**v.**

**ELLEN JEFFERSON, D.V.M.,**
*Appellee/Cross-Appellant*.

_____

**On Appeal from the 127th Judicial District Court of Travis County, Texas**
**Cause No. D-1-GN-14-000287**
**The Honorable Gisela D. Triana presiding**

_____

## REPLY BRIEF OF APPELLANTS/CROSS APPELLEES
_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellants/Cross-Appellees, the Texas State Board of Veterinary Medical Examiners and Nicole Oria, in Her Official Capacity as Executive Director (hereinafter collective referred to as the "Board" unless otherwise designated), by and through the Office of the Attorney General of Texas and the undersigned Assistant Attorney General, submit the following reply brief in the captioned appeal.

This brief addresses the arguments in Dr. Jefferson's brief regarding the district court's invalidation of two Board rules.

1

**INTRODUCTION**

There are a number of incorrect statements in Dr. Jefferson's brief that need to be addressed before turning to her specific argument regarding the two Board rules in question. Dr. Jefferson is patently incorrect in stating that the Board has "acknowledge[ed] . . . that Board Rule 573.80(2) deprives any owner, her employee, or her designee the right to treat or care for an animal free of (Board) regulation." Jefferson Br. at 24. She is also inconsistent (and wrong) in arguing that the Board "[f]or decades has had no authority to regulate 'the treatment and care of an animal in any manner by the owner of the animal (etc.)," even if the ownership, etc. is established with the intent to violate the Act. *Id.* at 15. Tex. Occ. Code § 801.004(1). To the contrary, the Board has never ceded its jurisdiction to determine in the first instance *whether or not* a vet is in fact exempt under the Act. This includes determining whether the ownership, etc. positions were established with the intent to evade the Act.[1]

---

[1] The Board's subject matter jurisdiction in this case is the subject of Dr. Jefferson's cross-appeal. As will be shown in the Board's Suggestion of Mootness, that appeal is now moot because the Board has dismissed with prejudice the administrative complaint and contested case proceeding. Further, Dr. Jefferson's argument in her reply brief in the jurisdictional appeal that the Board has somehow "conceded" that the trial court erred in dismissing her UDJA claims for failure to exhaust is patently wrong. *See* Jefferson Reply Br. at 2-3. The Board didn't concede anything. Aside from the fact that subject matter jurisdiction cannot be waived or conferred by the parties, it remains that the trial court lacked jurisdiction whether or not exhaustion was a proper basis for dismissal. *See* Board Brief (filed on September 11, 2015) at 11-23 and 25-29.

Dr. Jefferson's arguments regarding the two rules at issue are either moot (Rule 573.72) or inconsistent and wrong (Rule 573.80(2)).

**REPLY POINT 1:   BOARD RULE 573.72 WAS RECENTLY AMENDED, RENDERING THE APPEAL OF THAT RULE MOOT AS OF ITS EFFECTIVE DATE.**

Board Rule 573.72 addresses the employment by, or contractual services to, a non profit or municipal corporation and the statutory exemption ("Exemption") in Act.  Tex. Occ. Code § 801.004(1); 22 Tex. Admin. Code § 573.72.  Dr. Jefferson contends that that the district court was correct in determining that the rule violated the Exemption, which provides that the Act does not apply to "(1) the treatment or care of an animal in any manner by the owner of the animal, an employee of the owner, or a designated caretaker of the animal, unless the ownership, employment, or designation is established with the intent to violate this chapter."  Tex. Occ. Code § 801.004(1)."

Rule 573.72 was recently amended with the following changes noted by bold italics:

> (a) A nonprofit or municipal corporation may employ or contract with a veterinarian to provide veterinary services in connection with sheltering, sterilization, vaccination, or other medical care and treatment of animals.

> (b) Employment by or contractual service to a nonprofit or municipal corporation does not *alone* exempt the veterinarian from any of the provisions of the Veterinary Licensing Act or the Board's rules.

(c) Veterinarians employed by, or contracted to, nonprofit or municipal corporations shall be liable for any violations of the Act or rules occurring as a result of the practice of veterinary medicine or any veterinary services provided by the nonprofit or municipal corporation, including those occurring due to the acts or omissions of non-licensed employees of, or volunteers for, the nonprofit or municipal corporation, *unless otherwise exempt from the Veterinary License Act under § 801.004*.

*See* Exhibit A (emphasis added).

The Board explained in the preamble to the rule amendment that:

The amendment clarifies current interpretation of this rule. If an individual is exempt from the Act and rules of the Board, then, clearly, this rule would not apply to that individual. However, many nonprofit and municipal corporations care for and treat animals that are owned by the public. This amendment clarifies the long held interpretation that this rule only applies if the exemption does not otherwise apply.

Exhibit B.

The foregoing amendment was filed with the Office of the Secretary of State on November 2, 2015, will appear in the November 13, 2015 issue, and will be effective November 22, 2015. Exhibit C. *Dr. Jefferson did not submit any comments to the proposed amendment*.

It is therefore clear that Rule 573.72 does not, as Dr. Jefferson contends, "improperly extend[s] liability to veterinarians employed by nonprofit or municipal corporations for the actions of others, even though those persons are themselves exempt from the Act as employees or designees." Jefferson Br. at 5. It is plain from

4

the amendments that the rule now expressly acknowledges the applicability of the Exemption.

The Board therefore suggests that its challenge to the district court's invalidation of Rule 573.72 will be moot as of November 22, 2015, and it therefore withdraws its appeal as to that rule (only) as of the effective date of the amendment. *See Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126, 131 (Tex. App.—Austin 2007, no pet.) ("A case becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy.").

**REPLY POINT 2: DR. JEFFERSON HAS EFFECTIVELY ADMITTED THAT THE DEFERENCE STANDARD APPLIES TO THE BOARD'S INTERPRETATION OF THE TERM "DESIGNATED CARETAKER" (RULE 573.80(2)).**

The remaining issue in this appeal is the validity of Board Rule 573.80(2). Dr. Jefferson has effectively admitted in her brief that the deference standard in fact does apply to the Board's interpretation and definition of the term "designated caretaker" in the Exemption. After arguing that the term is unambiguous so as to render the deference standard inapplicable (*see, e.g.*, Jefferson Br. at 10-11 and 26-27), she then reverses herself and states that the Board's "deconstruction" "fails to acknowledge that the term *has a unique context in the Act*." Jefferson Br. at 27 (emphasis added). She further claims that the term "derives its *essence* by reference

5

to the property rights of an animal owner." *Id.* (emphasis added). She also states that the "common dictionary meaning of 'caretaker' also carries an *element* of 'substitute authority.'" *Id.* (emphasis added). She further contends that the "common definition" of designated caretaker . . . requires something akin to agency or dominion," as opposed to the "casual handing off of an animal for the performance of services (even veterinary services)." *Id.* at 28. These statements are not only plainly inconsistent with Dr. Jefferson's initial argument that "designated caretaker" is ambiguous, they in fact demonstrate that the term in fact does contain an element of ambiguity which, in turn, requires the Board to interpret and apply it in the context of the overall statutory scheme in the Act. For instance, the term may or may not contain an element of "substitute authority," depending on the *scope and nature* of the authority designated. Similarly, whether or not the term requires "agency or dominion," or the extent and nature of such, is subject to interpretation. A caretaker may or may not have full authority to do what is delegated. The definition in Rule 573.80(2) contains a requirement that a designated caretaker be following the instructions of a veterinarian and be subject to the *appropriate level of supervision* per Board rules in order to avoid the presumption. 22 Tex. Admin. Code § 573.80(2). Dr. Jefferson claims that the designation of a caretaker automatically removes the designee from the scope of the Act. The Board, on the other hand, believes that a designee must be subject to the requirement that a caretaker not be

6

intending to violate the Act. That comports with the "intent to violate" language in the statute. Tex. Occ. Code § 801.004(1). In this case, it was reasonable for the Board to interpret the term so as ensure that persons practicing veterinary medicine without a license can't evade responsibility by simply claiming that he or she is a "designated caretaker." In contrast, what Dr. Jefferson calls the "common dictionary meaning" of "designated caretaker" would simply be *anyone* who formally or informally is "designated" to "care" for an animal. That would vitiate the entire Act and would create an absurd result which the legislature never intended. Preventing someone from being a "designated caretaker" after an animal has a condition furthers the purpose of the Act and comports with the legislature's intent to protect the public from the unsafe practice of veterinary medicine by prohibiting persons from creating a status or position as a subterfuge. It was thus reasonable for the Board, under its rulemaking authority, to define the scope of the term so as to protect the public from the unsafe practice of veterinary medicine. The Board must be afforded some level of deference in determining how to interpret and apply that language.

The Texas Supreme Court has applied the deference standard "[i]f there is vagueness, ambiguity, *or room for policy interpretation* in [the] statute or regulation." *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438 (Tex. 2011) (emphasis added). "Ambiguity" in a statute or a statutory term has been held to mean that "there is more than one reasonable interpretation of it." *Tex. Ass'n of*

7

*Psychological Assoc. v. Tex. State Bd. of Examn'rs of Psychologists*, 439 S.W.3d 597, 603 (Tex. App.—Austin 2014, no pet.). As demonstrated above, there is in fact more than one reasonable interpretation of "designated caretaker, and there is certainly "room for policy interpretation."

Rule 573.80(2) is also entirely consistent with the Ownership Exemption and the Act as a whole.

## CONCLUSION AND PRAYER

For the reasons discussed above, the Board respectfully requests that this Court reverse that part of the district court's judgment which invalidates Board Rule 573.80(2).

Dated: November 5, 2015.

<div style="margin-left: 40%;">

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Division Chief, Administrative Law Division

</div>

*/s/ Ted A. Ross*
Ted A. Ross
Assistant Attorney General
State Bar No. 24008890
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4191
Facsimile: (512) 457-4674
Email: ted.ross@texasattorneygeneral.gov
*Attorneys for Appellants/Cross-Appellees Texas State Board of Veterinary Medical Examiners, and Nicole Oria*

**CERTIFICATE OF COMPLIANCE**

I hereby certify compliance with Texas Rules of Appellate Procedure 9 and that there are 1,753 words in this document. Microsoft Word was used to prepare this filing and calculate the number of words in it.

<div align="right">

*/s/ Ted A. Ross*
Ted A. Ross
Assistant Attorney General

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that, in compliance with Rule 9.5 of the Texas Rules of Appellate Procedure, a true and correct copy of the above and foregoing document has been served on the following on this the **5th day of November 2015:**

David F. Brown                                      *Via: Electronic Service and/or e-mail*
dbrown@ebblaw.com
David P. Blanke
dblanke@ebblaw.com
Zeke DeRose III
zderose@ebblaw.com
111 Congress Avenue, 28th Floor
Austin, Texas 78701

Ryan Clinton
rdclinton@dgclaw.com
Davis, Gerald & Cremer, P.C.
111 Congress Avenue, Suite 1660
Austin, Texas 78701
*Attorneys for Ellen Jefferson, D.V.M.*

<div align="right">

*/s/ Ted A. Ross*
Ted A. Ross
Assistant Attorney General

</div>

EXHIBIT A

# Texas Register

TITLE 22      EXAMINING BOARDS

PART 24      TEXAS BOARD OF VETERINARY MEDICAL EXAMINERS

CHAPTER 573      RULES OF PROFESSIONAL CONDUCT

SUBCHAPTER G OTHER PROVISIONS

RULE §573.72      Employment by Nonprofit or Municipal Corporations

ISSUE      09/11/2015

ACTION      Proposed

Preamble      Texas Admin Code
Rule

---

(a)A nonprofit or municipal corporation may employ or contract with a veterinarian to provide veterinary services in connection with sheltering, sterilization, vaccination, or other medical care and treatment of animals.

(b)Employment by or contractual service to a nonprofit or municipal corporation does not alone exempt the veterinarian from any of the provisions of the Veterinary Licensing Act or the Board's rules.

(c)Veterinarians employed by, or contracted to, nonprofit or municipal corporations shall be liable for any violations of the Act or rules occurring as a result of the practice of veterinary medicine or any veterinary services provided by the nonprofit or municipal corporation, including those occurring due to the acts or omissions of non-licensed employees of, or volunteers for, the nonprofit or municipal corporation, unless otherwise exempt from the Veterinary Licensing Act under §801.004.

The agency certifies that legal counsel has reviewed the proposal and found it to be within the state agency's legal authority to adopt.

Filed with the Office of the Secretary of State on August 31, 2015

**TRD-201503473**

Loris Jones

Executive Assistant

Texas Board of Veterinary Medical Examiners

Earliest possible date of adoption: October 11, 2015

For further information, please call: (512) 305-7563

Next Page          Previous Page

Re-Query Register          Back to List of Records

EXHIBIT B

<<Exit

# Texas Register Preamble

The Texas Board of Veterinary Medical Examiners adopts an amendment to §573.72 regarding Employment by Nonprofit or Municipal Corporations. The amendment is adopted without changes to the proposed text as published in the September 11, 2015, issue of the *Texas Register* (40 TexReg 6029) and will not be republished.

The amendment clarifies current interpretation of this rule. If an individual is exempt from the Act and rules of the Board, then, clearly, this rule would not apply to that individual. However, many nonprofit and municipal corporations care for and treat animals that are owned by the public. This amendment clarifies the long held interpretation that this rule only applies if the exemption does not otherwise apply.

No comments were received regarding the adoption.

The amendment to §573.72 is adopted under the authority of the Veterinary Licensing Act, Occupations Code §801.151(a) which states that the Board may adopt rules necessary to administer the chapter, and §801.151(b) which states that the Board may adopt rules of professional conduct appropriate to establish and maintain a high standard of integrity, skills, and practice in the veterinary medicine profession, as well as §801.151(c)(1) which states the Board may adopt rules to protect the public.

Texas Occupations Code, Chapter 801, is affected by this proposal.

Next Page      Previous Page

HOME | TEXAS REGISTER | TEXAS ADMINISTRATIVE CODE | OPEN MEETINGS

# EXHIBIT C

# Texas Register

| | |
|---|---|
| TITLE 22 | EXAMINING BOARDS |
| PART 24 | TEXAS BOARD OF VETERINARY MEDICAL EXAMINERS |
| CHAPTER 573 | RULES OF PROFESSIONAL CONDUCT |
| SUBCHAPTER G | OTHER PROVISIONS |
| RULE §573.72 | Employment by Nonprofit or Municipal Corporations |
| ISSUE | 11/13/2015 |
| ACTION | Final/Adopted |

Preamble                                                                    Texas Admin Code
                                                                                    Rule

(a)A nonprofit or municipal corporation may employ or contract with a veterinarian to provide veterinary services in connection with sheltering, sterilization, vaccination, or other medical care and treatment of animals.

(b)Employment by or contractual service to a nonprofit or municipal corporation does not alone exempt the veterinarian from any of the provisions of the Veterinary Licensing Act or the Board's rules.

(c)Veterinarians employed by, or contracted to, nonprofit or municipal corporations shall be liable for any violations of the Act or rules occurring as a result of the practice of veterinary medicine or any veterinary services provided by the nonprofit or municipal corporation, including those occurring due to the acts or omissions of non-licensed employees of, or volunteers for, the nonprofit or municipal corporation, unless otherwise exempt from the Veterinary Licensing Act under §801.004.

The agency certifies that legal counsel has reviewed the adoption and found it to be a valid exercise of the agency's legal authority.

Filed with the Office of the Secretary of State on November 2, 2015

**TRD-201504661**

Loris Jones

Executive Assistant

Texas Board of Veterinary Medical Examiners

Effective date: November 22, 2015

Proposal publication date: September 11, 2015

For further information, please call: (512) 305-7555

Next Page        Previous Page

Re-Query Register        Back to List of Records

**HOME** | **TEXAS REGISTER** | **TEXAS ADMINISTRATIVE CODE** | **OPEN MEETINGS**